**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |
|---|---|
| NAT VAUGHN, | |
| | 1:17-cv-11460-NLH-JS |
| Plaintiff, | |
| | **MEMORANDUM** |
| v. | **OPINION & ORDER** |
| | |
| MGM RESORTS INTERNATIONAL | |
| doing business as | |
| BORGATA HOTEL, CASINO & SPA, | |
| Defendant. | |

---

**APPEARANCES:**

NAT VAUGHN
175 WEST 90TH STREET, #20-D
NEW YORK, NY 10024

Appearing *pro se*

**HILLMAN**, District Judge

WHEREAS, Plaintiff, Nat Vaughn, appearing *pro se*, has filed a complaint against Defendant, MGM Resorts International, d/b/a, Borgata Hotel, Casino & Spa ("Borgata"); and

WHEREAS, Plaintiff claims that Borgata defamed him when he was permanently banned from the casino for violating anti-laundering laws because he used the slot machines to convert cash to casino payment vouchers without actually playing the slot machines, when he in fact did play the slot machines, and such activity is otherwise not illegal; and

WHEREAS, Plaintiff has filed an application to proceed

without prepayment of fees ("in forma pauperis" or "IFP"
application), and pursuant to 28 U.S.C. § 1915(a)(1), a court
may allow a litigant to proceed without prepayment of fees if he
submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal
courts apply § 1915 to non-prisoner IFP applications, <u>Hickson v.
Mauro</u>, 2011 WL 6001088, *1 (D.N.J.2011) (citing <u>Lister v. Dept.
of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section
1915(a) applies to all persons applying for IFP status, and not
just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute
require a federal court to dismiss an action *sua sponte* if,
among other things, the action is frivolous or malicious, or if
it fails to comply with the proper pleading standards, <u>see</u> 28
U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448,
452 (3d Cir. 2013); <u>Martin v. U.S. Department of Homeland
Security</u>, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017)
("Federal law requires this Court to screen Plaintiff's
Complaint for sua sponte dismissal prior to service, and to
dismiss any claim if that claim fails to state a claim upon
which relief may be granted under Fed. R. Civ. P. 12(b)(6)
and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, it appears that Plaintiff's complaint is
sufficient to satisfy the § 1915 IFP screening process; but

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction <u>sua</u> <u>sponte</u> and may do so at any stage of the litigation, <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010); <u>Lincoln Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant."); and

WHEREAS, Plaintiff avers that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a); but

WHEREAS, Plaintiff has failed to aver the citizenship of the parties; and

WHEREAS, even though it appears that Plaintiff resides in New York, he fails to plead his state of citizenship, <u>see</u> <u>McCann</u>

3

v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006)
("Citizenship is synonymous with domicile, and the domicile of
an individual is his true, fixed and permanent home and place of
habitation. It is the place to which, whenever he is absent, he
has the intention of returning."); Vanz, LLC v. Mattia &
Associates, 2016 WL 3148386 (D.N.J. June 1, 2016) (citing
Zambelli, 592 F.3d at 418; Palazzo ex rel. Delmage v. Corio, 232
F.3d 38, 42 (2d Cir. 2000)) ("The citizenship of a natural
person is determined by their domicile, not their residence(s).
That is because a natural person may have many residences, but
only one domicile.  Domicile is the location of a person's true
fixed home . . . to which, whenever he is absent, he has the
intention of returning."); Witasick v. Hambrecht, 2013 WL
1222680, at *2 (D.N.J. Mar. 25, 2013) (citing Williamson v.
Osenton, 232 U.S. 604, 614 (1914)) ("[A]n individual may only
have one domicile, and thus may only be a citizen of one state
for diversity jurisdiction purposes.  Residence and domicile are
not the same for legal purposes, as residency alone does not
establish citizenship."); and

     WHEREAS, for Defendant, MGM Resorts International doing
business as Borgata Hotel, Casino & Spa, Plaintiff must identify
what type of entities Borgata and MGM Resorts International are
(for example, whether they are a corporation, limited liability
company, or some other form), and accordingly plead the

citizenship of those entities; and

WHEREAS, for a corporate party, the complaint must identify its state of incorporation and its principal place of business, see 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"); and

WHEREAS, the citizenship of an LLC is determined by the citizenship of each of its members,[1] not where it has a principal

---

[1]    The law also requires that if a member of an LLC is another LLC, a corporation, or a limited partnership, then each member of the LLC, or each partner in the limited partnership, must be identified and its citizenship pled, and for any such member or partner that is a corporation, the state of incorporation and its principal place of business must similarly be identified and pled.  See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")(quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

place of business, or under which state's law it is established, see <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010); <u>Lincoln Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 102 (3d Cir. 2015) ("We hold that a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction.");

THEREFORE,

IT IS on this ___28th___ day of ___November___, 2017

ORDERED that Plaintiff's IFP application (Docket No. 1-2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly comply with 28 U.S.C. § 1332. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3).


```
                                   s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.
```