8UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAT VAUGHN,

    Plaintiff,

v.

MGM RESORTS INTERNATIONAL
doing business as
BORGATA HOTEL, CASINO & SPA,

    Defendant.

1:17-cv-11460-NLH-JS

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

NAT VAUGHN
175 WEST 90TH STREET, #20-D
NEW YORK, NY 10024

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Nat Vaughn, appearing *pro se*, filed a complaint against Defendant, MGM Resorts International, d/b/a, Borgata Hotel, Casino & Spa ("Borgata"); and

    WHEREAS, on November 28, 2017, the Court entered a Memorandum Opinion and Order (Docket NO. 2), which granted Plaintiff's application to proceed without prepayment of fees, but found that because the complaint did not properly state the citizenship of the parties, subject matter jurisdiction had not been established, and the Court therefore provided Plaintiff

with leave to file an amended complaint to cure that pleading deficiency; and

WHEREAS, Plaintiff filed an amended complaint dated December 22, 2017 (Docket No. 5), which the Court has reviewed; and

WHEREAS, the citizenship of the parties remains deficient in Plaintiff's amended complaint[1]; and

WHEREAS, Plaintiff avers that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a); but

WHEREAS, even though it appears that Plaintiff resides in New York, he has still failed to plead his state of citizenship, see McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."); and

WHEREAS, for Defendant, MGM Resorts International doing

---

[1] Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

business as Borgata Hotel, Casino & Spa, Plaintiff's amended complaint states that Borgata is a subsidiary of MGM Resorts International, and MGM Resorts International was incorporated in 1987, but Plaintiff must still specifically state what type of entities Borgata and MGM Resorts International are (for example, whether they are a corporation, limited liability company, or some other form), and accordingly plead the citizenship of those entities; and

WHEREAS, if MGM Resorts International is a corporation, the complaint does not need to indicate the year the entity was incorporated, but it must identify its state of incorporation and its principal place of business, see 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"); and

WHEREAS, to the extent that Borgata or MGM Resorts are an

3

LLC, the citizenship of an LLC is determined by the citizenship of each of its members,[2] not where it has a principal place of business, or under which state's law it is established, see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015) ("We hold that a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction.");

THEREFORE,

IT IS on this __8th__ day of __January__, 2018

ORDERED that Plaintiff shall have an additional twenty (20)

---

[2] The law also requires that if a member of an LLC is another LLC, a corporation, or a limited partnership, then each member of the LLC, or each partner in the limited partnership, must be identified and its citizenship pled, and for any such member or partner that is a corporation, the state of incorporation and its principal place of business must similarly be identified and pled. See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")(quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

days to amend his complaint to properly comply with 28 U.S.C. § 1332.  If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3).


At Camden, New Jersey                    <u>    s/ Noel L. Hillman    </u>
                                         NOEL L. HILLMAN, U.S.D.J.